UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARNELL C. MORRIS** | : | **DOCKET NO. 21-cv-947** |
| **D.O.C. # 100116** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JAMES M. LEBLANC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Carnell C. Morris, who is proceeding pro se and in forma pauperis in this matter. Morris is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana ("ACC"). He names as defendants the James M. Leblanc, Keith Cooley, M. Estes and Lt. Trehan.

For reasons stated below **IT IS RECOMMENDED** that claims against James M. Leblanc and Keith Colley be **DENIED**[1] and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

According to the Complaint, on October 19, 2020, on or about 11:40 a.m., "chow time" was announced on C#2 tier in Saturn unit. Doc. 5, p. 7. While attempting to exit the tier for chow, plaintiff alleges that Sgt. Bihm closed the door in his face, locking him on the tier. After pleading for help, plaintiff became enraged and began yelling out, "homicide suicide." *Id*. Once he got the attention of acting Lt. Dozart, he advised him that he was homicidal and suicidal and that he needed

---

[1] Plaintiff's allegations against M. Estes and Lt. Trehan will be addressed in a separate order.

-2-

to see a mental health specialist. *Id*. at pp. 7-8. Dozart denied plaintiff mental health, which sent him "over the edge," causing him to "(sic) loose control of his sanity." *Id*. at p. 8. Plaintiff "then took his anger out on everyday household items, mainly two TVs and a microwave oven, destroying them by slamming them on the floor." *Id*.

Defendant Lt. Trahan came to Saturn C#2 tier and gave Major M. Estes a can of Fox #5 chemical agent and kept a can in his own possession. Observing this, "and still being in a homicidal and suicidal mentality," plaintiff went to his bed and armed himself with a padlock and continued to yell out 'homicidal and suicidal' over a dozen times and was ignored." *Id*. at p. 9.

At or about 12:00 p.m., plaintiff alleges that Estes and Trahan, and several other officers rushed him and sprayed him with two cans of the chemical agent at the same time, overwhelming him and causing him to back away. Plaintiff surrendered by disarming himself and was later wrestled to the floor and handcuffed behind his back. He was tossed to the side of the dorm, face first, then escorted to medical where he was treated for minor facial injuries. *Id*.

Plaintiff alleges that Estes and Trahan used unauthorized and excessive force when they failed to protect his mental health during a "homicidal and suicidal declaration emergency." *Id*. at p. 10. They took matters into their own hands before plaintiff was seen by a mental health professional when there was "clearly no immanant [sic] danger to any offenders or staff." *Id*. Plaintiff contends that he was denied his constitutional right to be seen by a mental health specialist once he declared himself homicidal and suicidal, which eventually caused him to act out in a manner which could have been prevented. After the incident, he was seen by mental health, but "the damage was already done." Id.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Morris has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Defendants*

#### a. *James M. Leblanc & Assistant Warden Keith Cooley*

Plaintiff sued Assistant Warden Keith Cooley and Secretary of the Louisiana Department of Corrections, James M. LeBlanc in their supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.,* 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.), *cert. denied,* 104 S.Ct. 248 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

## III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against James M. Leblanc and Keith Cooley be **DENIED and DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 19th day of October, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE