UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CARNELL C. MORRIS**                    **DOCKET NO. 2:21-cv-0947**
                                                            **SECTION P**

**VERSUS**                                    **JUDGE JAMES D. CAIN, JR.**

**JAMES M. LEBLANC, ET AL**            **MAGISTRATE JUDGE LEBLANC**

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is a civil rights complaint [doc. 1], filed pursuant to 42 U.S.C. § 1983, by plaintiff Carnell C. Morris, who is proceeding pro se and in forma pauperis in this matter. Morris is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana ("ACC"). On October 19, 2021, defendants James M. Leblanc and Keith Colley were dismissed from this suit. Doc. 8. On that same date, this Court issued a Memorandum Order directing that defendants M. Estes and Lt. Trehan be served (doc. 9); service was executed on August 2, 2022 (doc. 24).

As Estes and Trehan failed to answer his lawsuit, plaintiff filed a Motion/Request for Entry of Default on April 19, 2024. Doc. 30. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court and the plaintiff's motion should be DENIED for the following reasons.

The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001) (citing *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir.1996)). In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme

situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir.1989)).

The District Court should refuse to enter a default judgment in this matter because upon further review of Morris' allegations, even if they were found true, they cannot impose liability against defendants Estes and Trehan

Moreover, pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to dismiss the plaintiff's complaint:

> (2)    Notwithstanding any filing fee, or portion thereof, that may have been paid, the court **shall** dismiss the case **at any time** if the court determines that –
>
>> (B) the action or appeal-
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).

Plaintiff alleged that he was subjected to excessive force on the part of Estes and Trehan. However, according to his complaint, he suffered only "minor faceial (sic) injuries." Doc. 5, p. 9, ¶ 19. 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Plaintiff's admission that he suffered "minor" facial injuries is sufficient to find that his claim does not overcome § 1997e(e)'s prohibition. Accordingly, he is not entitled to any monetary damages.

Moreover, plaintiff is not entitled to any other relief sought.  First, despite his request that "all the officers involved in this incident be terminate from their employment," federal courts ordinarily accord great deference to the internal administrative decisions of prison officials. *Royal v. Clark,* 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith*, 439 F.2d 146, 147 (5th Cir. 1971); *Haggerty v. Wainwright,* 427 F.2d 1137, 1138 (5th Cir. 1970).  In fact, the Supreme Court has continuously cautioned federal courts not to assume "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223 (2001). The Court finds that it would be against that precedent and the public's interest, if not an abuse of judicial resources, to entertain Morris' request for this relief. *See Ware v. Tanner,* No. 12-2250, 2013 U.S. Dist. LEXIS 146845, at *13 (E.D. La., Oct. 10, 2013).

Nor is plaintiff entitled to "all disciplinary reports arisen from this incident be dismissed" and any guilty finding be reversed.  In the context of civil rights lawsuits, the Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Morris may not bring a civil rights lawsuit about the prison disciplinary case until it has been reversed, expunged or otherwise declared invalid, such as in federal habeas corpus proceedings.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion/Request for Entry of Default (doc. 30) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that this instant civil rights complaint be **DENIED** and **DISMISSED** with prejudice, as frivolous and for failing to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that all pending motions (docs. 29, 30, 31) be **DENIED** as MOOT.

THUS DONE AND SIGNED in chambers this 17th day of June, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE