UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CARNELL C. MORRIS** | **DOCKET NO. 2:21-cv-0947**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JAMES M. LEBLANC, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Pending before this Court is a Motion to Set Aside Default filed by defendant Corey Trahan[1]. Doc. 47. Having reviewed the Motion to Set Aside Default, and all other relevant filings, the undersigned GRANTS the Motion to Set Aside Default.

**I.   BACKGROUND**

Plaintiff Carnell C. Morris ("Morris" or "Plaintiff") filed a Complaint against multiple defendants on April 8, 2021. Doc. 1. On November 3, 2021, the Clerk issued summonses to M. Estes and "Trehan", implementing form USM 285 for a United States Marshal to serve Estes and "Trehan" with Documents 1, 5, 7, and 9, being the Complaint and certain related documents. Doc. 14. Evidence of service on both defendants was filed on January 18, 2022 (doc. 17), and on May 25, 2022, Plaintiff sought entry of default against both defendants (doc. 19). On June 7, 2022, Magistrate Judge Kay issued an electronic order denying the Plaintiff's motion for entry of default on the grounds that proper service had not been completed on either defendant and. Doc. 20. Magistrate Judge Kay then requested the Clerk issue a USM 285 form for a U.S. Marshal to serve the defendants properly. Docs. 20 & 21.

---

[1] Defendant Corey Trahan was originally named as "Lt. Trehan." The docket has been corrected to reflect his correct name.

On June 16, 2022, summonses were reissued by the Clerk to Estes and "Trehan" with documents 1, 5, 7, 9, 20, and 21 via USM 285 Marshal service. Doc. 22. Service on Estes and "Trehan" was completed on June 17, 2022, and defendants were ordered to answer the civil rights suit by August 23, 2022. Doc. 24.

On April 3, 2024, as no appearance was made by the defendants and no motions were filed by plaintiff, the Clerk issued a Notice of Intent to Dismiss for Failure to Take Default. Doc. 28. Plaintiff subsequently filed a Motion for Entry of Default on April 19, 2024. Doc. 30.

On June 28, 2024, the undersigned denied plaintiff's Motion for Entry of Default and recommended that the civil rights suit be dismissed as frivolous. Doc. 32. Judge Cain issued a judgment on July 25, 2024, adopting the report and recommendation. Doc. 35. Plaintiff appealed. *See* doc. 36.

On September 5, 2025, the United States Fifth Circuit Court of Appeal reversed Judge Cain's judgment and remanded the case to this Court for further proceedings. Doc. 42. On September 29, 2025, Plaintiff re-urged his request for entry of default against defendant "Trehan."[2] Doc. 43. On October 7, 2025, the Clerk issued an entry of default as to defendant "Trehan" (doc. 44), and Plaintiff then filed a Motion for Judgment by Default (doc. 45) on October 27, 2025. Defendant Corey Trahan, heretofore improperly identified as "Trehan," filed on November 24, 2025, the Motion to Set Aside Default presently before this Court. Doc. 47.

II.     **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. Fed. R. Civ. P. 55(a). However, a court may set aside an

---

[2] By submission to the court on June 28, 2024, Plaintiff advised that defendant Estes had passed away. Doc. 33. As such, Plaintiff's request for entry of default following remand from the United States Fifth Circuit Court of Appeals was directed only at defendant "Trehan." Doc. 43.

entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is a liberal one. *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant presented a meritorious defense. *See id.; CJC Holdings, Inc. v. Wright and Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry instead of willfulness); *see also Metropolitan Life Ins., Co. v. Dailey*, 2013 U.S. Dist. LEXIS 131737, 2013 WL 5190751 (N.D. Tex. Sept. 16, 2013) (applying excusable neglect factor in accord with *CJC Holdings*). These factors are not exclusive but are to be regarded simply as a means to identify good cause. *Effjohn*, 346 F.3d at 563; *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id*. Moreover, the Court need not consider all the factors in reaching a determination. Instead, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2018) (quoting *In re Dierschke*, 9 75 F.2d 181, 183 (5th Cir. 1992) (finding the factors should be treated in the disjunctive.)).

"The decision to set aside a default decree lies within the sound discretion of the district court" and "necessarily is informed by equitable principles." *O'Cheskey*, 975 F.2d at 183-84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). In exercising such discretion, it must be noted that in the United States Fifth Circuit Court of Appeals, default judgments are "generally disfavored in the law," and, thus, "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

Excusable neglect is an elastic concept and extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Coleman v. Bank of N.Y. Mellon*, 3:12-cv-4783-M-BH, 2015 U.S. Dist. LEXIS 123475, 2015 WL 5437661, at *2 (N.D. Tex. Aug. 14, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-D, 2008 U.S. Dist. LEXIS 26486, 2008 WL 898772, at *2 (N.D. Tex. Mar.31, 2008); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 Bankr. LEXIS 3546, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Here, the Court is not persuaded by the defendant's initial argument that service was not proper because it was not requested or completed on the Office of Risk Management, the head of a State Agency or the Attorney General or because service was made upon "Trehan" as opposed to "Corey Trahan." Plaintiff served Trahan pursuant to Federal Rule of Civil Procedure Rule 4(e). *See* doc. 24. As the plaintiff notes in his response to the defendant's motion, "Lt. Trahan never argues much less offers any evidence to show that service was not actually effectuated upon him due to the minor spelling of his last name." Doc. 49, p. 1.

However, the defendant is correct in his summation of the procedural history of this case, noting that the suit is "comprised of dismissals of parties, misnamed parties, appeals, and a reversal and remand, which has unfortunately led to the current posture, including the default entry." Doc. 50, p. 2.

The Court agrees with the defendant's argument that there is no evidence that the failure to timely answer was the result of some calculated strategy to delay and/or was intentional. Under the instant circumstances, the elastic standard for excusable neglect has been met.

There is also no allegation by plaintiff that granting defendant Trahan's request for relief by setting aside the entry of default at this juncture will prejudice the plaintiff. As stated by the Fifth Circuit, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy v. SitelCorp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting Gen*. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). This case against Mr. Trahan is in its infancy and should proceed on the merits. *See Roebuck v. Diamond Detective Agency*, 484 F. App'x 976, 977 (5th Cir. 2012).

### III.  CONCLUSION

Based on the foregoing, the undesigned finds good cause to set aside the Clerk's Entry of Default as to defendant "Trehan," believed to be Corey Trahan.  Accordingly,

**IT IS ORDERED** that the Motion to Set Aside Default (doc. 47) is **GRANTED,** and the Clerk's Entry of Default (doc. 44) as to defendant "Trehan," believed to be Corey Trahan, is set aside**.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Judgment by Default (doc. 45) is **DENIED** as **MOOT.**

THUS DONE AND SIGNED in chambers this 11th day of February, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE